# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| DIANNE BUCCERI, JANET CHARAK, and LISA SANDERS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CUMBERLAND FARMS, INC.,<br><br>Defendant. | Civil Action No. 1:15-CV-13955 |

## SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND

1. Plaintiffs Dianne Bucceri, Janet Charak and Lisa Sanders bring this action on behalf of themselves and others similarly situated against Cumberland Farms, Inc. ("Cumberland Farms") for failing to pay them overtime wages owed in violation of the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Defendant improperly classifies employees who work for Defendant in Cumberland Farms' classic or "Legacy" stores as Store Managers as exempt employees under the FLSA and does not pay Legacy Store Managers overtime compensation for hours worked over forty in a workweek even though Legacy Store Managers regularly work more than forty hours per workweek. On behalf of themselves and other current and former Store Managers and similarly situated current and former employees holding comparable positions but different titles in Cumberland Farms' Legacy stores ("Store Managers"), Plaintiffs seek to recover unpaid overtime compensation, liquidated damages, interest, attorneys' fees and costs, and all other relief to which they are entitled.

1

**JURISDICTION AND VENUE**

2.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs have asserted a claim pursuant to the FLSA.

3.      Venue is proper in this Court because Defendant operates and/or resides in the Commonwealth of Massachusetts, has substantial contacts with the Commonwealth of Massachusetts, and maintains its corporate headquarters in the Commonwealth of Massachusetts.

**PARTIES**

*Plaintiffs*

4.      Plaintiff Dianne Bucceri is an adult resident of New Castle, Delaware.  From approximately November 2003 through April 2014, Ms. Bucceri worked as a Store Manager for Defendant in a Cumberland Farms Legacy Store and was not paid any overtime compensation for hours worked in excess of 40 each workweek even though she regularly worked more than 40 hours per workweek.

5.      Plaintiff Janet Charak is an adult resident of Greenacres, Florida.  From approximately October 2010 to September 2015, Ms. Charak worked as a Store Manager for Defendant in a Cumberland Farms Legacy Store and was not paid any overtime compensation for hours worked in excess of 40 each workweek even though she regularly worked more than 40 hours per workweek.  Ms. Charak is presently employed by Defendant as an Assistant Store Manager in an AIM store.

6.      Plaintiff Lisa Sanders is an adult resident of Safety Harbor, Florida.  From approximately August 2006 to March 2014, Ms. Sanders worked as a Store Manager for Defendant in a Cumberland Farms Legacy Store and was not paid any overtime compensation

for hours worked in excess of 40 each workweek even though she regularly worked more than 40 hours per workweek.

7. At all relevant times, as employees of Defendant, Plaintiffs were engaged in commerce or in the production of goods for commerce as described in 29 U.S.C. §§ 206 and 207.

### *Defendant Cumberland Farms, Inc.*

8. Defendant Cumberland Farms, Inc. is a company with its principal place of business in Framingham, Massachusetts. Cumberland Farms operates nearly 600 retail stores and gas stations throughout various regions of the United States, including Connecticut, Florida, Massachusetts, Maine, New Hampshire, New York, Rhode Island and Vermont. Cumberland Farms has two store formats: classic or "Legacy stores", and new concept or "AIM" stores. Of its nearly 600 stores, approximately two-thirds are currently classic or "Legacy" stores; however, Cumberland Farms is in the process of converting all of its stores into "AIM" stores.

9. At all relevant times, Defendant was an "enterprise engaged in commerce or the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s).

10. At all relevant times, Defendant has employed two or more persons, including Plaintiffs, "engaged in commerce or in the production of goods for commerce," or has "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in § 203(s)(1)(A)(i).

11. At all relevant times, Defendant achieved annual gross sales made or business done of not less than $500,000.00 in accordance with § 203(s)(1)(A)(ii).

12. Defendant issued paychecks to Plaintiffs and all similarly situated employees during their employment.

13. Defendant directed the work of Plaintiffs and similarly situated employees, and benefited from work performed that Defendant suffered or permitted from them.

14. Pursuant to Defendant's policy, pattern and/or practice, Defendant did not pay Plaintiffs and other similarly situated employees proper overtime wages for hours they worked for Defendant's benefit in excess of 40 hours in a workweek.

## COMMON FACTUAL ALLEGATIONS

15. Defendant employs a Store Manager at each of its Legacy retail stores and gas stations.

16. Employees who work for Defendant as Store Managers are classified by Defendant as exempt under the FLSA and state wage and hour laws.

17. Defendant tracks Store Managers' hours worked by requiring them to clock in and out on company computers, and records the number of hours worked on Store Managers' weekly pay statements.

18. As a matter of company policy and practice, Plaintiffs and other Store Managers regularly work more than 40 hours per week and are paid their regular hourly rate for 50 hours per week, regardless of the number of hours actually worked. Store Managers routinely work in excess of 50 – and often in excess of 60 or 70 – hours per week. However, Store Managers do not receive any compensation for hours worked over 50, and do not receive overtime pay for hours worked over 40 in a workweek.

19. Despite the Store Managers being classified as exempt, the primary job duties of Defendant's Store Managers consist of non-exempt work, including customer service and

merchandising work, rather than "managerial" duties. Specifically, Store Managers spend the vast majority of their time performing duties such as ringing up sales on the cash register, making coffee, customer service, putting items on shelves, and cleaning.

20. The primary job duties of Store Managers do not materially differ from the duties of non-exempt employees such as store associates. Their primary duties are manual in nature. The performance of manual labor and non-exempt duties occupies the vast majority of Store Managers' working hours.

21. Pursuant to a centralized, company-wide policy, pattern and/or practice, Defendant classifies all Store Managers as exempt from coverage of the overtime provisions of the FLSA and state wage and hour laws.

22. The hours for which Defendant does not pay its Store Managers are overtime hours, for which Defendant owes the Store Managers compensation at time-and-a-half their regular hourly rates.

23. Through its unlawful actions, Defendant has deprived Store Managers of overtime wages owed to them.

24. Defendant acted willfully in failing to pay overtime compensation to its Store Managers for all hours worked over 40 in a workweek. Defendant knew or should have known that these employees are non-exempt, that their primary job duties are performing non-exempt work, and that they should have been paid overtime compensation for hours worked over 40 in a workweek.

## COLLECTIVE ACTION ALLEGATIONS

25. Pursuant to 29 U.S.C. § 216(b), Plaintiffs bring their FLSA claim on behalf of all similarly situated individuals who have worked for Defendant in the United States as Store

Managers in Defendant's "Legacy" stores, have not received overtime wages owed to them during the three-year period prior to the filing of the Complaint, and who may choose to "opt in" to this case under the FLSA, 29 U.S.C. § 216(b).

26. The claims under the FLSA meet the requirements for collective action certification set forth in 29 U.S.C. § 216(b).

27. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

28. All potential opt-in plaintiffs are similarly situated as to these claims, because they were all employed as Store Managers in Cumberland Farms' "Legacy" Stores, primarily perform the same or similar job duties, Cumberland Farms classified all of them as exempt under the FLSA and did not pay them overtime, and Cumberland Farms' compensation practices are uniform as to all potential plaintiffs and result in the alleged violation of the FLSA.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

29. Pursuant to 29 U.S.C. § 216(b), Plaintiffs Dianne Bucceri, Janet Charak and Lisa Sanders consent to sue as plaintiffs under the Fair Labor Standards Act.   A copy of their consent to sue forms were previously filed with the Court on November 25, 2015.

## COUNT I - FAIR LABOR STANDARDS ACT

30. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 28 as if alleged fully herein.

31. As set forth above, Defendant's failure to pay overtime compensation to employees who have worked for Defendant as Store Managers in Defendant's "Legacy" stores and have not received overtime wages owed to them during the three-year period preceding the filing of the Complaint violates the Fair Labor Standards Act, 29 U.S.C. § 207.  This claim is

brought by the named Plaintiffs on behalf of themselves and all other similarly situated employees pursuant to 29 U.S.C. § 216(b).

## JURY DEMAND

32. Plaintiffs demand a trial by jury on all of their claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court grant the following relief:

A. Authorization to notify similarly situated employees of their right to opt in to this action under 29 U.S.C. § 216(b) and certification of this action as a collective action under 29 U.S.C. § 216(b);

B. An award of all damages for unpaid wages and compensation that are due to the named Plaintiffs and all similarly situated employees under the FLSA;

C. An award of liquidated damages pursuant to 29 U.S.C. § 216(b);

D. A finding that Defendant's violations of the FLSA have been willful and that, therefore, the statute of limitations for the FLSA claim is three years;

E. Attorneys' fees and costs;

F. Pre- and post-judgment interest; and

G. Any other relief to which the named plaintiffs and similarly situated individuals may be entitled.

Dated:  June 10, 2016                                         Respectfully submitted,

*/s/ Sam J. Smith*
Sam J. Smith, admitted *pro hac vice*
Tamra Givens, admitted *pro hac vice*
BURR & SMITH, LLP
111 2nd Avenue N.E., Suite 1100
St. Petersburg, FL 33701
(813) 253-2010
ssmith@burrandsmithlaw.com

tgivens@burrandsmithlaw.com

Hillary Schwab
Mass. BBO# 666029
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, MA 02111
(617) 607-3261
hillary@fairworklaw.com

Gregg Shavitz, admitted *pro hac vice*
Susan H. Stern, admitted *pro hac vice*
SHAVITZ LAW GROUP, P.A.
1515 S. Federal Highway, Suite 404
Boca Raton, FL 33432
(561) 447-8888
gshavitz@shavitzlaw.com
sstern@shavitzlaw.com

Michael J. Palitz, admitted *pro hac vice*
SHAVITZ LAW GROUP, P.A.
830 3rd Avenue, 5th Floor
New York, NY 10022
Tel:    (800) 616-4000
mpalitz@shavitzlaw.com

***Attorneys for Plaintiffs and Putative Class and Collective Members***

## CERTIFICATE OF SERVICE

I hereby certify on June 10, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Sam J. Smith*
Sam J. Smith