UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIANNE BUCCERI, JANET CHARAK, LISA SANDERS, and PETER STAFFORD, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CUMBERLAND FARMS, INC. <br><br> Defendant. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * Civil Action No. 15-cv-13955-IT <br> * <br> * <br> * <br> * |

MEMORANDUM & ORDER

August 14, 2017

TALWANI, D.J.

Pending before this court is Defendant Cumberland Farms, Inc.'s ("Cumberland Farms") Motion to Strike Untimely Consent to Join Forms ["Motion to Strike"] [#90]. That motion seeks to strike the Consent to Join forms filed on behalf of two opt-in plaintiffs, Derek Clement ("Clement") and Rakesh Vadehra ("Vadehra"). For the reasons that follow, the motion is DENIED.

I.   Factual Background

On June 2, 2016, and upon stipulation of the parties, the court conditionally certified for notice purposes a collective action pursuant to § 216(b) of the Fair Labor Standards Act ("FLSA"), consisting of individuals who were employed by Cumberland Farms as Store Managers at certain Cumberland Farms stores for any period during the three years prior to June 2, 2016, and who elected to opt-in. Order Regarding 216(b) Notice [#41]. The court ordered that such individuals would have 60 days from the date of the mailing of Notice of the action to

return a Consent to Join Form ("consent" or "opt-in" form). Id. In order to meet the deadline, opt-in forms had to be filed, postmarked, or actually received by that date. Id. The Claims Administrator sent notice to the individuals on July 7, 2016, and as a result, the individuals were required to postmark their consent forms by September 6, 2016.[1] Def.'s Mem. Law Supp. Mot. Strike Untimely Consent to Join Forms ["Mem. Supp. Mot. Strike"] 2 [#91]; Mot. Strike, Ex. A [#90-3]. On August 5, 2016, the Claims Administrator sent a postcard reminder to all such individuals. Mem. Supp. Mot. Strike 2 [#91].

Plaintiffs filed over 100 consent forms. Clement's consent form, filed on September 20, 2016, is dated September 1, 2016. Pls.' Notice of Filing Consent to Join Form(s) Under the Fair Labor Standards Act, 29 U.S.C. § 216(b), at 5 [#81]. The parties dispute the date of the postmark. Pls.' Mem. Law Opp'n Def.'s Mot. Strike Untimely Consent to Join Forms ["Pls.' Opp'n"] [#94]; Mot. Strike Ex. C [#90-5]. Vadehra's consent form, filed on September 23, 2016, is dated September 8, 2016, and postmarked September 12, 2016. Pls.' Notice of Filing Consent to Join Form(s) Under the Fair Labor Standards Act, 29 U.S.C. § 216(b), at 4 [#83]; Mot. Strike, Ex. D [#90-6]. No consent forms have been filed since September 23, 2016. On November 1, 2016, Defendant moved to strike Clement's and Vadehra's consent forms as untimely.[2]

II.   Discussion

   A. *Legal Standard*

      Collective actions under the FLSA are "fundamentally different" from class actions

---

[1] Because the original deadline to postmark, September 5, 2016, was Labor Day, the parties agreed to extend the deadline by one day to September 6, 2016. Mot. Strike, Ex. A [#90-3].
[2] Defendant also moved to strike a third consent form as untimely. Unopposed Mot. Strike Consent to Join Form Executed by Mark Anthony Turner [#89]. The court granted that motion as unopposed. See Elec. Order [#93].

under Federal Rule of Civil Procedure 23. Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66, 133 S. Ct. 1523, 1529, 185 L. Ed. 2d 636 (2013) (citing Hoffmann–La Roche Inc. v. Sperling, 493 U.S. 165, 177-78 (1989) (Scalia, J., dissenting)).

> [A] putative class acquires an independent legal status once it is certified under Rule 23. Under the FLSA, by contrast, "conditional certification" does not produce a class with an independent legal status, or join additional parties to the action. The sole consequence of conditional certification is the sending of court-approved written notice to employees, see Hoffmann–La Roche Inc., supra, at 171–172 . . . , who in turn become parties to a collective action only by filing written consent with the court, § 216(b).

Genesis Healthcare Corp., 133 S. Ct. at 1530. Clement and Vadehra having now filed written consents, the court must consider whether to allow their claims to proceed together with the other plaintiffs, or to sever the claims and require them to proceed separately.

The FLSA provides no explicit standard by which a court should consider whether to allow plaintiffs to join a particular action after a court-imposed deadline for the filing of consents has passed. Ruggles v. Wellpoint, Inc., 687 F. Supp. 2d. 30, 37 (N.D.N.Y. 2009). Courts use various factors to guide their decision on this question, such as: (1) "whether "good cause" exists for the late submissions;" (2) whether the defendant would be prejudiced by acceptance of late submissions; (3) the length of delay; (4) judicial economy; and (5) the FLSA's remedial purpose. See, e.g., id. (observing that the caselaw on this question is "wide-ranging").

Defendant has articulated no prejudice it would suffer should the court accept the late consent forms. Nor is such prejudice likely, given that the action is not considered to be commenced as to late-filed claims until the written consent was filed, 29 U.S.C. § 256, so no stale claims will arise, and the consents were filed in any event before discovery commenced. Additionally, the delay is minimal. Vadehra postmarked the consent form just six days after the deadline. And even accepting as true that Clement's consent form was postmarked on

3

September 10, 2016,[3] that represents only a four-day delay. The remedial purposes of the FLSA also counsel in favor of acceptance. As other courts have recognized, "with respect to the FLSA, [a] generous reading, in favor of those whom [C]ongress intended to benefit from the law, is also appropriate when considering issues of time limits and deadlines." Ruggles, 687 F. Supp. 2d at 38 (internal quotation marks and citation omitted).

Plaintiffs' efficiency argument also supports allowing the late-filed consents. If Clement and Vadehra are not permitted to proceed in this action, their severed claims could still be asserted in a separate action. Courts have been wary of accepting this efficiency argument wholesale, because such acceptance could "give Plaintiffs *carte blanche* to file additional consent forms in the future." Ruggles, 687 F. Supp. 2d at 38; see also Morangelli v. Chemed Corp., 275 F.R.D. 99, 122 (E.D.N.Y. 2011) (expressing concern that "plaintiffs' well-worn efficiency argument" was "becoming the *carte blanche* to file additional consent forms"); Flood v. Carlson Restaurants, Inc., 14 Civ. 2740 (AT)(GWG), 2016 WL 3221146, at *8 (S.D.N.Y. June 7, 2016) (same). Here, however, no new consent forms have been filed over ten months, and there is no evidence that Plaintiffs will file additional late consent forms. And unlike in Morangelli and Flood, the court has not previously extended the opt-in period. The economies to be gained from accepting two late forms thus outweigh the concern that floodgates will open.

Plaintiffs have not articulated any reason for the late submissions. Where all of the other factors weigh in Plaintiffs' favor, courts have found that the absence of a showing of good cause is not dispositive. See Ruggles, 687 F. Supp. 2d at 37 ("Although Plaintiffs have offered no good cause for their failure to timely file these consent forms, all of the other factors weigh in

---

[3] As noted above, Plaintiffs argue that because the "postmark date is unclear," the fact that he signed and dated the consent form prior to the deadline "support[s] the argument that his consent was mailed before the deadline." Pls.' Opp'n 2 [#94].

their favor."); Saunders v. Getchell Agency, Inc., 1:13-cv-00244-JDL, 2014 WL 12539643, at *11 n.17 (D. Me. Dec. 12, 2014) ("Defendants are not prejudiced by the joinder of the individuals identified in Plaintiffs' Motion to File Opt-In Consent Forms. The tardiness of the individuals' filings is not excessive, judicial economy is not negatively impacted, and the remedial purpose of the FLSA is served by permitting the late opt-ins. These factors support granting the motion even in the absence of a showing of good cause for the late submissions."). Because here all other factors counsel in favor of accepting the two late consent forms, this court finds that the consent forms should be allowed.

III.    Conclusion

For the foregoing reasons, Defendant's Motion to Strike [#90] is DENIED.

IT IS SO ORDERED.

Date: August 14, 2017                                /s/ Indira Talwani
                                                    United States District Judge