UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DIANNE BUCCERI, et al., on behalf of themselves and others similarly situated, | * * * | |
| Plaintiffs, | * * | |
| v. | * * * | Civil Action No. 1:15-cv-13955-IT |
| CUMBERLAND FARMS, INC., | * * | |
| Defendant. | * | |

MEMORANDUM AND ORDER

January 6, 2020

TALWANI, D.J.

Plaintiffs filed this collective action alleging overtime violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§1, et seq., and Massachusetts wage laws. Before the court are Plaintiffs' Corrected Motions to Compel the Production of Documents. [#167, #168, #169], which Defendant has opposed. Omnibus Opposition [#163]. For the following reasons, Plaintiffs' Motion [#167] is ALLOWED IN PART and DENIED without prejudice IN PART, Plaintiffs' Motion [#168] is DENIED, and Plaintiffs' Motion [#169] is DENIED.

A. Procedural History

Plaintiffs Dianne Bucceri, Janet Charak, and Lisa Sanders brought this suit against Defendant Cumberland Farms, Inc. ("Cumberland") on behalf of themselves and other similarly situated Legacy Store Managers ("LSM"). The court conditionally certified this action as a collective action pursuant to 29 U.S.C. §216(b) for the purpose of facilitating notice to current and former LSMs, see Order Regarding 216(b) Notice [#41], and one hundred and six individuals opted-in to the action. The court subsequently set a timetable for "Phase I

Discovery," involving the claims of eight Plaintiffs (the "Phase I Plaintiffs") and Defendant's defenses to such claims. Amended Scheduling Order [#115]. Pursuant to the Amended Scheduling Order, Defendant was directed to respond to Plaintiffs' previously served requests for production of documents, as they pertained to the Phase I Plaintiffs. Id. at ¶ 1(a)(i). Plaintiffs now seek to compel further responses to these requests.[1]

B.  Motion #167 – Training Materials

The first motion seeks to compel documents that Plaintiffs contend are responsive to Plaintiffs' Requests for Production of Documents Nos. 4 and 17. These requests and Defendant's responses are as follows:

REQUEST NO. 4:

Documents relating to the training of Store Managers in the performance of their tasks, assignments, duties or functions, including but not limited to curricula, syllabi, training materials handouts, instructors' materials, test and answer keys, and video tapes.

RESPONSE:

Cumberland Farms objects to this Interrogatory as overbroad to the extent it purports to seek information about all Store Manager positions, and is not properly limited to Store Managers of Cumberland Farms's Legacy format stores.

Subject to and without waiving its objection, Cumberland Farms states that it has produced all trainings for Store Managers of Legacy format stores that it located after a reasonable search. Further responding, Cumberland Farms refers Plaintiffs[] to its response to Interrogatory No. 8 . . . .

REQUEST NO. 17:

Documents related to the terms and conditions of a Store Managers' employment with Defendant, including but not limited to all company and

---

[1] Plaintiffs' Motions to Compel were filed at the close of Phase I discovery. The court addressed Phase I summary judgment motions first, without prejudice to Plaintiffs' request that the motions to compel be reopened as appropriate after summary judgment. Elec. Order [#242]. After issuing the Memorandum and Order [#250], the court granted Plaintiffs' oral motion to renew the Motions to Compel. See Elec. Clerk's Notes [#255].

personnel manuals, employee handbooks, training materials, new hire orientation materials, and memoranda that Store Managers were provided by Defendant or that applied to Defendant's Store Managers.

RESPONSE:

Cumberland Farms objects to this Interrogatory as overbroad to the extent it purports to seek information about all Store Manager positions, and is not properly limited to Store Managers of Cumberland Farms's Legacy format stores. Cumberland Farms further objects to this Request as overbroad and unduly burdensome to the extent it purports to seek information beyond what is relevant and proportionate to the needs of the case . . . .

Subject to and without waiving its objections, Cumberland Farms states that it produced documents that are both responsive to this Request and relevant to issues in this litigation . . . that it could locate after a reasonable search . . [and] had produced additional documents responsive to this Request.

Defendant's First Am. Resp. to Plaintiffs' Req. for Production of Docs. 4, 11-12 [#167-1].

Plaintiffs seek an order compelling Defendant (1) to produce Managers-in-Training training materials; (2) to produce all versions of Defendant's "Store Managers' Guide to Orienting and Training New Team Members" ("Store Manager Guide") that were used in the relevant employment period and a list maintained on Defendant's Learning Management System listing all trainings available to LSMs; and (3) "to conduct a diligent search of its training documents, identify all responsive documents which have not been produced, and produce them to Plaintiffs." Pls.' Mot. to Compel 3-7 [#167]. The court addresses each of the above requests in turn.

*1.  Manager-in-Training Materials*

The parties dispute first whether training materials for Managers-in-Training fall within either of the Requests at issue. Defendant argues that Request No. 4 and Request No. 17 only seek materials relating to "Store Managers," a term defined by Plaintiffs as "current or former employees working at any and all of Defendants' [sic] [Legacy] store locations in that position." Def. Omnibus Opp'n 9 [#163], quoting Request for Production of Documents [#163-14] at 9.

3

Defendant argues that since Managers-in-Training do not work in the position of Legacy Store Manager, Plaintiffs' Requests do not include Manager-in-Training training materials.

Request No. 17 sought documents relating to "the terms and conditions of a [Legacy] Store Managers' employment with Defendant, including . . . training materials . . . that [Legacy] Store Managers were provided by Defendant or that applied to Defendant's [Legacy] Store Managers." Ex. 1 at 11 (Pls.' Mot. to Compel) [#167]. Because the request is for documents relating to the "terms and conditions of employment" of Legacy Store Managers, the court agrees that training material provided to Manager-in-Training is not responsive to this request.

In contrast, Request No. 4 sought "documents relating to the training of [Legacy] Store Managers in the performance of their tasks, assignments, duties or functions." The Request seeks material used to train employees for the position of Legacy Store Manager, and not merely material provided after the employee has already been trained for the position. See Def.'s Omnibus Opp'n 9-10 (stating that all LSMs are internal hires who have gone through various types of training in order to achieve promotion into the LSM position) [#163].

Defendant objects further that training material provided to Managers-in-Training is not relevant to Plaintiffs' claims because the Manager-in-Training position is distinct from the LSM position. But Plaintiffs have provided testimony from Defendant's 30(b)(6) witness that the Management-in-Training program is used to train employees for the LSM position. Merriam Depo. Ex. 2 31:2-35:15 [#167-2]. Accordingly, the training material provided to Managers-in-Training is relevant to determining whether Plaintiffs' primary duty as LSMs is management.

2. *Store Manager Trainings and Learning Management System*

Plaintiffs also seek versions of Defendant's Store Manager Guide and a list of training offered to store managers on Defendant's Learning Management System, an online portal used

4

by employees to access trainings. Defendant contends that the motion should be denied because Plaintiffs failed to confer about these items prior to filing their Motion to Compel, in violation of Local Rule 37.1(a).

In a letter to Defendant's counsel dated July 30, 2017, Plaintiffs' counsel contended that during depositions, Defendant's witnesses had identified responsive documents that were not produced, including "numerous training materials and modules . . . and all training materials for Store Managers from November 25, 2012 to the present . . . ." Ex. 17 (Def.'s Omnibus Opp'n) [#163-19]. Plaintiffs' counsel asserted further in an email to Defendant's counsel dated August 9, 2017:

> [D]uring the Rule 30(b)(6), Ms. Beissner testified other store training documents [beyond the Manager-in-Training documents] that were not produced in discovery. These included prior versions of the Managers' Guide to Orienting and Training New Team Members and all Management Essentials Presentation (some were produced and others were not). It also became clear that Plaintiffs do not have a complete list of all trainings provided to Store Managers in Cumberland Farms' Learning Management System. With regards to this, please let us know whether Defendant will agree to supplement is production with these missing training documents, including a complete list of trainings for Store Managers in the Learning Management System.

Ex. 1 (Notice of Supp. Materials) [#171-1].

On August 10, 2017, before filing the motion to compel, Plaintiffs' counsel sent another email to Defendant's counsel, stating that "[w]ith regard to other store training documents, based upon Ms. Beissner's testimony, we disagree with your contention that all responsive documents have been produced." Id. Finally, on August 22, 2017, Plaintiffs' counsel wrote to Defendant's counsel stating that Defendant had not yet produced additional training documents, including those specifically identified during the depositions, and that if Defendant produced those documents, Plaintiffs would withdraw this issue from the motion to compel. Id.

5

Defendant explains that the issue was not discussed during the August 3, 2017, discovery conference. Fisher Aff. ¶ 25 (Def.'s Omnibus Opp'n) [#163-2]. In Defendant's view, this failure to discuss the issue, as opposed to raising it by letter and email, bars any relief.

Local Rule 37.1(a) states that "[b]efore filing any discovery motion…counsel for each of the parties shall confer in good faith to narrow the areas of disagreement to the greatest possible extent." L. R. 37.1(a). It is the responsibility of the movant to arrange a conference and "conferences may be conducted over the telephone." Id. This requirement of a conference, rather than letters and emails, serves a salutary purpose of aiding resolution of disputes without requiring the assistance of the court. Failure to comply with the requirements of L. R. 37.1 is sufficient grounds to deny a motion to compel. Hasbro, Inc. v. Serafino, 168 F.R.D. 99, 101 (D. Mass. 1996).

At the same time, the court finds no basis for the conferral requirement to trump all other considerations here. Defendant's Response to the Requests at issue raised no objections other than the objection to Manager-in-Training documents discussed above and the general limitation that the Response was based on "a reasonable search for responsive documents." Def.'s First Am. Response to Pls.' Request for Production of Documents 1 (Def. Omnibus Opp'n) [#168-1]. The opposition to the motion to compel acknowledges that counsel discussed the documents at issue in the Rule 30(b)(6) deposition. Def.'s Omnibus Opp'n at 16 [#163]. Defendant was on further notice of the issue through Plaintiffs' July 30, 2017, letter, Ex. 1 (Pls.' Not. Of Filing Supplemental Material) [#171-1], the August 9 and 10, 2017, emails, id. at 8-9, and the August 22, 2017, letter. Id. at 1-2. And while Defendant contends that this is a "non-issue" because Defendant does not object to confirming that it has produced certain documents and it "suspects

6

that it has produced" the documents sought, Def.'s Omnibus Opp'n at n. 9 [#163], no such confirmation has been made to date.

Although Defendant is correct that Plaintiffs could have sought additional time before filing its motion to compel, Defendant is incorrect that the filing of a motion to compel excuses a party from complying with proper discovery requests. A court order should not have been necessary for Defendant to produce the responsive documents or to confirm that all responsive documents had been produced. Accordingly, the court will compel Defendant to produce all LSM training-related documents identified by the 30(b)(6) witness or by Plaintiff's counsel during that deposition, or to certify that all such documents have been produced and provide the relevant bates numbers.

### 3. Compelling a "Diligent Search"

Last, Plaintiffs seek an order from the court compelling Defendant "to conduct a diligent search of its training documents, identify all responsive documents which have not been produced, and produce them to Plaintiffs." Pls.' Mot. to Compel 7 [#167]. To the extent that Defendant is presently aware of responsive documents which have not been produced, such documents should be produced as set forth above or because of Defendant's obligation to supplement responses as appropriate under Federal Rule of Civil Procedure 26(e)(1)(A).

The court is unable to evaluate Plaintiffs' request for a further search. Defendant's Response to the Request for Production of documents stated that the responses "are based on a reasonable search for responsive documents." Def.'s First Am. Response to Pls.' Request for Production of Documents 1 (Def. Omnibus Opp'n) [#168-1]. The court treats this statement as an objection that Plaintiffs' request is overbroad or burdensome but that Defendant has conducted a diligent search within certain parameters. In order to properly decide whether Defendant has in

fact conducted a diligent reasonable search, Defendant shall supplement its Response to Request 17 to provide the specific limits used for its search for responsive material. See Advisory Committee Note to 2015 Amendment to Federal Rule of Civil Procedure 34(b)(2)(C) (an objection "that states the limits that have controlled the search for responsive and relevant materials qualifies as a statement that materials have been 'withheld'"); see also Fed. R. Civ. P. 34(b)(2)(C) ("the producing party . . . does need to alert other parties to the fact that documents have been withheld and thereby facilitate an informed discussion of the objection."). Following such amendment, counsel shall confer to determine if there is any remaining dispute regarding Defendant's search for training material, and if so, promptly raise it with the court.

Accordingly, Plaintiffs' Motion to Compel [#167] is ALLOWED as to the specific sets of documents requested and DENIED without prejudice as to the Plaintiff's request that the court compel additional searches. Defendant shall supplement its Response to Request 17 as set forth above.

### C. Motion #168 – Connors Group Time Study

Plaintiffs' second motion seeks to compel production of a time study prepared by an outside consultant named The Connors Group. Pls' Mot. to Compel 4 [#168]. Plaintiffs contend that this document is responsive to Document Request No. 29. Plaintiffs' Request and Defendant's Response are as follows:

> Request No. 29:
>
> Documents relating to any time studies, task studies and/or audits relating to job duties and tasks performed by employees in any of Defendant's stores.
>
> Response:
>
> Cumberland Farms objects to this Request as overbroad and unduly burdensome. . . Cumberland Farms further objects to this Request as overbroad to the extent it purports to seek information beyond what is relevant and proportionate to the needs of the case.

Defendant's First Am. Resp. to Plaintiffs' Req. for Production of Docs. 18 [#168-1].

In the time study at issue the consultant studied the routines and actions of non-Legacy store managers over a period of months and, on the basis of its research, offered recommendations to Defendant to "increase efficiencies" in those stores. Pl. Mot to Compel 3-4 [#168]. As of the filing of this matter, Defendant had not implemented the consultant's recommendations in any of its stores. Merriam Depo. Ex. 15 158:5-19 (Def. Omnibus Opp'n) [#163]. See also Pls.' Mot. to Compel 5 (quoting from the Merriam deposition to state that the time study "will" be implemented in the future) [#168].

Fed. R. Civ. P. 26(b)(1) requires that discovery be limited to information that is relevant to any party's claim or defense and proportional to the claim. While it is a liberal standard, courts focus on the direct connection between the material sought and a party's claim or defense. In re Subpoena to Witzel, 531 F.3d 113, 118 (1st Cir. 2008) (discussing narrowing of Rule 26 in 2000 amendment). Speculative inferences about future applicability does not meet the standards under the federal rules. See United Therapeutics Corp. v. Watson Labs., Inc., 200 F.Supp.3d 272, 279 (D. Mass. 2016).

The Connors Group time study is not sufficiently relevant to the issues in this case to fall within the scope of discovery. The consultant did not enter Legacy stores, look at practices of or performance by LSMs, or create recommendations related to Legacy stores. The study also did not lead to any changes in Defendant's stores, including the Legacy stores. Plaintiffs' suggestion that the study is relevant because of its future application is speculative. While Plaintiffs may be correct that there is a "uniformity of many tasks" in both types of stores, the question at issue is whether the LSMs are managers, and that question is not answered by examination of the work at non-Legacy stores.

For these reasons, Plaintiff's Motion to Compel [#168] is DENIED.

D. Motion #169 – ESI from Agreed-Upon Corporate Custodians and from New Corporate Custodians

Plaintiffs' third motion seeks: 1) to compel additional searches for Electronically Stored Information (ESI) from the originally agreed-upon corporate custodians; and 2) to compel searches for ESI from eleven newly identified corporate custodians.[2]

*1. Additional Discovery from Agreed-Upon Corporate Custodians*

After the parties discussed ESI searches for corporate custodians with the court, Transcript of Hearing on Discovery Matters, dated April 21, 2017 ("4/21 Tr.") [#135], the parties agreed that Defendant would search for ESI from six agreed-upon corporate custodians (David Merriam, Sheree Beissner, Katherine Sousa, Corey Bellrose, Isaac Aaron, and Dawn Clark), utilizing agreed upon search terms. Ex. 11 (Def's Omnibus Opp'n) [#163-13].[3] As a result of the agreed search, Defendant turned over more than one thousand documents. Def. Omnibus Opp'n 8 [#163].

Plaintiffs now contend that the searches failed to produce all relevant documents from these corporate custodians. They argue that ESI agreements often require parties to negotiate refined or more precisely targeted search terms as the process plays out, and that in light of later discovery here, further searches should be required.

Ideally, ESI agreements should allow for efficient searches of electronic data for responsive material. Such agreements may function best for all parties where the protocol allows

---

[2] Parties had previously agreed to an ESI plan for materials held by the District Managers who supervised Stage 1 Plaintiffs. Ex. 8 (Pls.' Mot. to Compel) [#169-8]. This ESI production is not at issue here.

[3] Subsequently, Defendant determined that it had no email files for Isaac Aaron. Pl's Mot. to Compel 5 [#169].

10

for testing the yield of proposed search terms to make sure the terms are neither overinclusive nor underinclusive. But Plaintiffs points to no such agreement for testing of terms or reservation of rights here.[4] On this record, Plaintiffs contention that the search as performed was insufficient may be true, but is nonetheless defeated by Plaintiffs' agreement to this very search. Plaintiffs' request for new ESI searches of the agreed upon corporate custodians is DENIED.

The court notes, however, that to the extent that Defendant has discovered ESI that is responsive to Plaintiffs' Requests and has not yet produced it, Defendant must produce the ESI pursuant to Defendant's obligation to supplement Response under Federal Rule of Civil Procedure 26(e)(1)(A). This requirement applies, even if this ESI was discovered by Defendant outside of the agreed-upon searches performed.

2. *New Corporate Custodians*

Plaintiffs additionally seek ESI searches from 11 additional corporate custodians: Chief Executive Officer Ari Haseotes, Retail Administrative Manager Rose Donnell, Divisional Vice Presidents Jeffrey Cutting, Mike Limoges, and Ronald Sides, Vice Presidents of Human Resources John McMahon and Sean Linnane, Human Resources Business Partner Patricia Painter, Payroll Manager Natalie Tran, Manager of Guest Experiences Jamie Hill, and Isaac Aaron. Pls.' Mot. to Compel 11-16 [#169].

Plaintiffs contend that Defendant improperly declined to disclose corporate custodians who might have relevant ESI and that Plaintiffs only discovered that the eleven listed individuals might have relevant ESI after the parties had formed their ESI agreement. See Pls' Mot. to Compel 6 [#169]. But while Plaintiffs may well be correct that Defendant did not disclose all

---

[4] In contrast, Plaintiffs' counsel's letter regarding ESI searches for District Managers asked Defendant to provide a hit report on a list of proposed search terms, and explicitly stated that Plaintiffs reserve their right to propose additional searches after the production of the hit report and documents." Ex. 3 (Pls' Mot. to Compel) [#169-3].

corporate custodians with relevant ESI, Plaintiffs have not shown that Defendant acted improperly.

Under Fed R. Civ. P. 26(a)(1)(A)(i), Defendant had an initial obligation to identify individuals likely to have discoverable information and the subjects of that information, but limited to the information the "disclosing party may use to support its claim." The initial disclosure requirement thus did not require Defendant to name all potential corporate custodians of ESI.[5]

At the hearing where the parties discussed ESI searches for corporate custodians with the court, Plaintiffs stated that they only sought ESI from seven custodians. Transcript of Hearing on Discovery Matters, dated April 21, 2017 3:21-25, 4:8-25 [#135]. Plaintiffs did not bring up any contention that Defendant was improperly withholding the identity of other custodians, but exclusively discussed ESI searches for the seven corporate custodians Plaintiffs had proposed. Id. 5:23-25, 6:1.[6] Similarly, after the hearing, in all of the communications provided by the parties up until the tail-end of discovery, they solely discussed the seven plaintiff-proposed custodians, Ex. 4 (Pls.' Mot. to Compel) [#169-4], Ex. 10 (Def.'s Omnibus Opp'n) [#163-12], Ex. 11 (Def's Omnibus Opp'n) [#163-13]. These communications led to their agreement to ESI searches for six corporate custodians with established search terms. Ex. 11 (Def's Omnibus Opp'n) [#163-13].

---

[5] Similarly, Plaintiffs' Interrogatory 9 sought the identity of certain potential witnesses, but not with regard to custody of ESI. That Interrogatory asked Defendant to "[i]dentify the persons with knowledge or information regarding the hours worked, job duties and daily tasks performed by each of the Named Plaintiffs and Discovery Opt-Ins as Store Managers, including the identity of the persons responsible for their supervision and their title or position and dates of employment." Ex. 13 ¶ 9 (Def.'s Omnibus Opp'n) [#163-15]

[6] This was not surprising for, as the court noted, "the parties agree the bulk of ESI discovery will likely occur in . . . a second phase of the lawsuit." Transcript of Hearing on Discovery Matters, dated April 21, 2017 5:24-25, 6:1 [#135].

On this record, therefore, Plaintiffs' request to compel new ESI searches in Phase I of the litigation will not be granted. Plaintiffs agreed with Defendant on ESI searches. If they wanted more information as to additional possible custodians, the time to have the made that request was before agreeing to the search. Now, at this stage, reopening discovery to allow new searches will increase the cost of litigation and is not warranted. As the court stated in its original order, if the litigation proceeds to Phase II, Plaintiffs will have an opportunity for further ESI discovery.

Conclusion

Accordingly, for the above-stated reasons,

1. Plaintiffs' Motion to Compel [#167] is GRANTED as to the three sets of documents requested and DENIED without prejudice as to the request to compel additional searches. Within two weeks of this Order, Defendant shall produce all training material for Managers-in-Training and all LSM training-related documents identified by Defendant's witness during the depositions or by Plaintiff's counsel during such depositions or in the July 30, 2017, letter, or shall certify that all such documents have been produced (providing the relevant bates numbers);

2. Plaintiffs' Second Motion to Compel [#168] is DENIED; and

3. Plaintiffs' Third Motion to Compel [#169] is DENIED. Defendant shall nevertheless produce any outstanding ESI pursuant to its obligation to supplement Response under Federal Rule of Civil Procedure 26(e)(1)(A), however, even if this ESI was discovered by Defendant outside of the agreed-upon searches performed.

IT IS SO ORDERED.

Dated: January 6, 2020                    /s/ Indira Talwani
                                          United States District Judge