# EXHIBIT A

DocuSign Envelope ID: C1B240B4-BB43-4F9B-8120-96F1A5ACD25A

## *Bucceri, et al. v. Cumberland Farms, Inc.*

### SETTLEMENT AGREEMENT, RELEASE AND WAIVER

This Settlement Agreement, Release and Waiver (hereinafter, "**Settlement**" or "**Agreement**") is made and entered into in the lawsuit styled *Bucceri, et al. v. Cumberland Farms, Inc.* (D. Mass. 1:15-cv-13955-IT) (the "**Lawsuit**"), by and between Plaintiffs Dianne Bucceri, Janet Charak, Lisa Sanders, the 105 remaining opt-in plaintiffs, and Nouman Ali (collectively, "**Plaintiffs**"), on the one hand, and Defendant Cumberland Farms, Inc. ("**Cumberland Farms**"), on the other hand, and is subject to the approval of the Court. In connection with this Agreement, Plaintiffs are represented by Shavitz Law Group, P.A., Burr & Smith LLP, Fair Work, P.C., and Donelon, P.C. (together, "**Plaintiffs' Counsel**"), and Cumberland Farms is represented by Seyfarth Shaw, LLP ("**Cumberland Farms's Counsel**"). Collectively, Plaintiffs and Cumberland Farms are referred to in this Agreement as "**the Parties.**"

### RECITALS

WHEREAS, on November 25, 2015, Plaintiffs Dianne Bucceri, Janet Charak, Lisa Sanders, and former plaintiff Peter Stafford filed the original Complaint in the Lawsuit, asserting a collective action for purported violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("**FLSA**"), and a class action for alleged violations of the Massachusetts Minimum Fair Wage Act, G.L. c. 151 § 1B, *et seq.*; and

WHEREAS, on May 26, 2016, the Parties filed a Stipulation and Proposed Order regarding 216(b) Notice, stipulating to the conditional certification of a collective of "all individuals who are or have been employed by Cumberland Farms, Inc. as Store Managers at Cumberland Farms stores which are or were classic format, or 'Legacy' stores, from the date three years prior to the date of this order to the present," but reserving Cumberland Farms's right to "seek decertification of the collective after the notice period has elapsed and to oppose any motion for class certification that may be filed in this matter," *see* Dkt. 40, ¶¶ 1, 11 (the "**Conditional Certification Stipulation**"); and

WHEREAS, on June 2, 2016, the Court entered the Conditional Certification Stipulation as an order, and approved notice of the lawsuit to be sent to all members of the conditionally certified collective, *see* Dkt. 41; and

WHEREAS, on June 10, 2016, Plaintiffs Dianne Bucceri, Janet Charak and Lisa Sanders (the "**Named Plaintiffs**") filed a Second Amended Complaint in the Lawsuit, withdrawing their state law claim and asserting a collective action for purported violations of the FLSA, on their own behalf and on behalf of the conditionally certified collective; and

WHEREAS, the deadline to join the Lawsuit was September 6, 2016, on or before which date 106 individuals timely opted into the Lawsuit; and

WHEREAS, at the instruction of the Court, the Parties proceeded through discovery and summary judgment on the claims of seven individual Plaintiffs [1]: Janet Charak, Anthony Marquette, Chad LaCasse, Stephanie Burdick, Michael Jalbert, Robert Herrick, and Gregory Mitchell (the "**Phase 1 Plaintiffs**"); and

WHEREAS, Plaintiffs assert that their claims alleged in the Lawsuit are meritorious, and Cumberland Farms denies that it has committed any wrongdoing or violated any laws pertaining to the classification of Legacy Store Managers and related payment of wages for overtime hours worked, vigorously disputes the claims asserted in the Lawsuit, and asserts that it has strong defenses to the claims in the Lawsuit and that it would prevail if the Lawsuit continued to be litigated; and

WHEREAS, in order to avoid the expense and burden of further litigation, the Parties desire to resolve any and all causes of action, claims, or demands based on purported violations of the FLSA or state law pertaining to the classification of Legacy Store Managers and related payment of wages for overtime hours, including without limitation all claims that were asserted or that could have been asserted in the Lawsuit; and

WHEREAS, the Parties have conducted a thorough investigation into the facts and claims alleged in the Lawsuit and are of the opinion and belief that the Settlement is fair, reasonable, adequate and in the best interests of all, in light of all known facts and circumstances, including the considerable expense of trial as to the Phase 1 Plaintiffs, the affirmative and other defenses asserted by Cumberland Farms, the uncertainty and risks of continued litigation, including additional rounds of discovery and possible appeals, and the risks of delay and an adverse judgment; and

WHEREAS, the Parties engaged in arms-length comprehensive settlement negotiations, including but not limited to an in-person, full day (18+ hour) mediation session that took place in Boston, Massachusetts on January 27-28, 2020, that was overseen by an experienced and well-respected wage and hour law mediator, D. Charles Stohler, Esq.; and

WHEREAS, the Parties' substantial discovery and subsequent mediation session resulted in a Memorandum of Understanding, executed by all Parties on January 29, 2020, that is subject to the Parties working out the terms of a definitive settlement agreement; and

WHEREAS, the Parties agree that this Agreement shall become effective on the later of (i) thirty (30) calendar days after the Court issues an order approving the Settlement and such order is entered on the docket in the Lawsuit if no appeal of that order is filed within that thirty (30) day period, or (ii) if an appeal is filed, ten (10) calendar days after the approval order has been affirmed and approved in its entirety with no further right of appeal or review (the "**Effective Date**").

NOW, THEREFORE, in consideration of the foregoing premises and the terms and conditions set forth herein, the Parties agree, subject to the Court's approval, as follows:

---

[1] One additional opt-in plaintiff, Jennie Senac, was also part of the initial pool of Phase 1 Plaintiffs, but she was dismissed from the Lawsuit on October 4, 2017 (Dkt. 179). For the purpose of this Agreement, Ms. Senac is not included in the definition of Plaintiffs or Phase 1 Plaintiffs.

DocuSign Envelope ID: C1B240B4-BB43-4F9B-8120-96F1A5ACD25A

## TERMS OF SETTLEMENT

1. **No Admission of Liability and No Concession Regarding the Merits.**

Cumberland Farms denies that it violated the law in any manner, specifically denies that it violated any statutory, regulatory, or common law alleged in the Lawsuit, and asserts that it has strong, meritorious defenses to all claims that were brought or could have been brought in the Lawsuit. The Parties have entered into this Agreement with the intention of avoiding further disputes and litigation settled herein with the attendant inconvenience, expenses, and uncertainties. Nothing contained herein, including the consummation of this Agreement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Cumberland Farms, its parents, subsidiaries, affiliates, predecessors, successors, owners, directors, officers, members, employees, attorneys, representatives, and agents (together, the "**Released Parties**"). This Agreement is also not a concession by Plaintiffs concerning the merits of their alleged claims. This Agreement is a settlement document and will, pursuant to Federal Rule of Evidence 408, be inadmissible in evidence in any lawsuit or proceeding for any purpose, except an action or proceeding to approve, interpret, or enforce this Agreement.

2. **Settlement Amount.**

2.1. In consideration for the terms and conditions of this Agreement, including the Release as set forth in Paragraph 7 below and the attached Exhibit A, Cumberland Farms agrees to pay a maximum settlement amount of One Million Three Hundred Thirty Thousand Dollars ($1,330,000.00), which amount is referred to herein as the "**Maximum Settlement Amount.**" The Maximum Settlement Amount does not include the employer's share of payroll taxes applicable to the Settlement Checks and/or Service Payments (defined in Paragraphs 2.2(ii) and 3.4 herein, respectively), which shall be paid by Cumberland Farms to applicable government taxing authorities.

2.2 The Parties have agreed to allocate the Maximum Settlement Amount as follows:

(i) Four Hundred Twelve Thousand Dollars ($412,000.00) to resolve the claims of the Plaintiffs, inclusive of alleged unpaid wages, interest, liquidated, punitive, and multiple damages (the "**Net Settlement Amount**"). The Net Settlement Amount will be allocated to the Plaintiffs on a *pro rata* basis, using the formula set out in Paragraph 3, herein.

(ii) Eighteen Thousand Dollars ($18,000.00) as service payments to the Named Plaintiffs and Phase 1 Plaintiffs, in the amount of $2,000.00 per Named Plaintiff and Phase 1 Plaintiff (the "**Service Payments**"). Cumberland Farms will not oppose Service Payments not to exceed $18,000.00. If the Court approves less than the petitioned-for Service Payments, the unapproved amount will be included in the Net Settlement Amount.

(iii) Nine Hundred Thousand Dollars ($900,000.00) in attorneys' fees (the "**Attorneys' Fee Award**") and costs (the "**Expense Reimbursement**"). Cumberland Farms will not oppose a combined Attorneys' Fee Award and Expense Reimbursement not to exceed $900,000.00, which was separately negotiated following an agreement on the Net Settlement

3

DocuSign Envelope ID: FFB88D39-2047-42B4-8286-16C635AA1ACC

DocuSign Envelope ID: C1B240B4-BB43-4F9B-8120-96F1A5ACD25A

Amount. If the Court approves less than the petitioned-for Attorneys' Fee Award and/or Expense Reimbursement, the unapproved amount(s) will be included in the Net Settlement Amount.

2.3  The Net Settlement Amount, Service Payments, Attorneys' Fee Award, and Expense Reimbursement are collectively the "**Gross Settlement Amount**." In no event will the Gross Settlement Amount exceed the Maximum Settlement Amount.

2.4.  Cumberland Farms shall have no obligation to pay or provide any further consideration to any Plaintiff by reason of this Agreement or because of the foregoing payments, including but not limited to contributions to any 401(k) or other retirement or employee benefit plan, vacation or sick pay, or similar benefits based on or as a result of this Agreement. Any payments made pursuant to this Agreement will not trigger any obligation of Cumberland Farms to make any withholding for 401(k) contributions or to make any contributions to any 401(k) or similar plan.

3.  **Settlement Formula and Allocation.**

3.1  Following court approval of the Settlement, the Net Settlement Amount will be divided in *pro rata* shares to all Plaintiffs, based on their number of workweeks in which they recorded more than 40 hours of work in the position of Store Manager of a Legacy format Cumberland Farms store (the "**Overtime Workweeks**"), from three years prior to the filing of their Consent to Join the Lawsuit through January 28, 2020 (the "**Settlement Period**") with each Plaintiff receiving a minimum of $100.00 regardless of the number of Overtime Workweeks worked during the Settlement Period (a "**Minimum Payment**").[2]

3.2  Plaintiffs' Counsel shall communicate to each Plaintiff his or her Settlement Period and Overtime Workweeks, as part of their notification to each Plaintiff of the Settlement (the "**Notice of Settlement**").

3.3  Within seven (7) calendar days after entry of the Approval Order (defined in Paragraph 10.1, herein) on the docket in the Lawsuit, Plaintiffs' Counsel shall provide Cumberland Farms with an excel chart showing the allocation of the Net Settlement Amount among the Plaintiffs, including any Minimum Payments (the "**Settlement Payments**").

3.4  Cumberland Farms shall issue checks to each Plaintiff for his or her Settlement Payment, subject to the appropriate tax withholdings set forth in Paragraph 6, herein (the "**Settlement Checks**"). On the first business day after the Effective Date of this Agreement, Cumberland Farms shall mail all Settlement Checks to Plaintiffs' Counsel at Shavitz Law Group, P.A., 951 Yamato Road, Suite 285, Boca Raton, Florida 33431. Cumberland Farms shall simultaneously mail checks to Plaintiffs' Counsel for the Service Payments, as approved by the Court.

---

[2] The Parties agree to define Mr. Ali's Settlement Period as August 17, 2014 (three years prior to the date that Plaintiffs' Counsel notified Cumberland Farms's Counsel of his request to join the Lawsuit) through the earlier of the end of his employment as a Store Manager with Cumberland Farms or January 28, 2020.

DocuSign Envelope ID: C1B240B4-BB43-4F9B-8120-96F1A5ACD25A

3.5 If Plaintiffs' Counsel informs Cumberland Farms in good faith that a check for any Plaintiff was lost or misplaced, Cumberland Farms will cancel such check and reissue payment to that Plaintiff by check mailed Plaintiffs' Counsel at Shavitz Law Group, P.A., 951 Yamato Road, Suite 285, Boca Raton, Florida 33431. Cumberland Farms shall not be responsible for issuing a replacement check if the original check was cashed.

3.6 Plaintiffs' Counsel shall mail the Settlement Checks and Service Payments, as applicable, to each Plaintiff, only after receipt from that Plaintiff of an executed copy of the Release described in Paragraph 6, herein.

3.7 The Settlement Checks shall expire one hundred twenty (120) calendar days after they are initially mailed by Cumberland Farms to Plaintiffs' Counsel, as contemplated in Paragraph 3.4 herein (the "**Check Cashing Period**"). Any portion of the Net Settlement Amount that is not claimed by Plaintiffs as a result of failure to cash a Settlement Check during the Check Cashing Period shall remain the property of Cumberland Farms.

4. **Reference to Cumberland Farms's Records.**

4.1. The number of Overtime Workweeks during the Settlement Period for each Plaintiff will be determined by reference exclusively to Cumberland Farms's payroll and personnel records. These records will be considered presumptively correct for purposes of calculating each Plaintiff's *pro rata* portion of the Net Settlement Amount.

5. **Payment of Attorneys' Fee Award and Expense Reimbursement.**

5.1 The Attorneys' Fee Award and Expense Reimbursement awarded by the Court shall compensate Plaintiffs' Counsel for all work performed and costs incurred from the inception of the Lawsuit to its conclusion, including all future work in connection with the implementation of this Agreement, seeking approval of this Agreement from the Court, responding to any appeals of the Court's orders or judgments, administering the Settlement, and filing all documents necessary to fulfill all terms and conditions of this Agreement, including those that occur after the Effective Date.

5.2 Within seven (7) days after entry of the Approval Order (defined in Paragraph 10.1, herein) on the docket in the Lawsuit, Plaintiffs' Counsel shall provide Cumberland Farms with a breakdown of the allocation of the Attorneys' Fee Award and Expense Reimbursement to each of Plaintiffs' Counsel's law firms.

5.3 A condition precedent to Cumberland Farms's payment to Plaintiffs' Counsel of the Attorneys' Fee Award and Expense Reimbursement approved by the Court will be Cumberland Farms's receipt of completed and executed IRS Forms W-9 from each of Plaintiffs' Counsel's law firms.

5.4 On the first business day following the Effective Date of this Agreement, Cumberland Farms shall issue checks to each of Plaintiffs' Counsel's law firms for the amounts provided by Plaintiffs' Counsel, as required by Paragraph 5.2, herein, at the addresses provided on each firm's IRS Form W-9.

DocuSign Envelope ID: C1B240B4-BB43-4F9B-8120-96F1A5ACD25A

6. **Tax Allocation of Settlement Payments, Service Payments, Attorneys' Fee Award and Expense Reimbursement.**

6.1. One-half (1/2) of each Settlement Payment, other than those that reflect a Minimum Payment only, will be considered wages subject to the withholding by Cumberland Farms of all applicable local, state, and federal taxes. Cumberland Farms shall issue an IRS Form W-2 to each Plaintiff for this wage portion of his or her Settlement Payment.

6.2. The other one-half (1/2) of each Settlement Payment, other than those that a reflect Minimum Payment only, will be considered non-wages for the settlement of interest claims, liquidated damages, and any statutory or civil penalties available under any applicable local, state, and federal laws. Cumberland Farms shall issue an IRS Form 1099-MISC to each recipient of a Settlement Payment for this non-wage portion of the Settlement Payment in accordance with IRS requirements. Plaintiffs are each solely responsible for correctly characterizing this compensation for tax purposes and paying any taxes due.

6.3. Settlement Payments that reflect only a Minimum Payment will be considered non-wages for the settlement of interest claims, liquidated damages, and any statutory or civil penalties available under any applicable local, state, and federal laws. Cumberland Farms shall issue an IRS Form 1099-MISC to each recipient of a Settlement Payment that is only a Minimum Payment in accordance with IRS requirements. Plaintiffs are each solely responsible for correctly characterizing this compensation for tax purposes and paying any taxes due.

6.4. The Service Payments will be considered wages subject to the withholding by Cumberland Farms of all applicable local, state, and federal taxes. Cumberland Farms shall issue an IRS Form W-2 to each Named Plaintiff and Phase 1 Plaintiff for his or her Service Payment.

6.5. Cumberland Farms shall pay the court-approved Attorneys' Fee Award and Expense Reimbursement amount to Plaintiffs' Counsel without any deduction for taxes or other withholdings and report the amount paid on an IRS Form 1099-MISC issued to each of Plaintiffs' Counsel's law firms. Cumberland Farms shall also report a *pro rata* share of the combined amount of the Attorneys' Fee Award and Expense Reimbursement on an IRS Form 1099-MISC that will be issued to each Plaintiff who cashes a Settlement Check and/or a check for a Service Payment. Each Plaintiff's *pro rata* share will be determined by dividing the combined Settlement Check and any Service Payment award to each Settlement Participant by the total amount paid in settlement to all Plaintiffs who cash their Settlement Checks and/or Service Payments.

7. **Release.**

7.1. In further consideration of the promises made in this Agreement, each Plaintiff hereby forever discharges and releases the Released Parties from any and all suits, actions, causes of action, claims, or demands for wages, damages, reimbursements, unpaid advances, civil and/or statutory penalties, liquidated damages, punitive damages, multiple damages, interests, attorneys' fees, litigation costs, restitution, and/or equitable relief in any way growing out of any and all claims that were or could have been asserted in the Lawsuit or that are based on or arise out of the facts alleged in any version of the complaints filed in the Lawsuit, from the beginning of each Plaintiff's Settlement Period through January 28, 2020, including without limitation any claims

DocuSign Envelope ID: FFB88D39-2047-42B4-8286-16C635AA1ACC
Case 1:15-cv-13955-IT Document 285-1 Filed 04/13/20 Page 8 of 19

DocuSign Envelope ID: C1B240B4-BB43-4F9B-8120-96F1A5ACD25A

under the FLSA (to the fullest extent permitted by law) and any applicable state, county, or local laws, statutes, regulations, ordinances, or wage orders for alleged unpaid overtime, premium, or minimum wages; failure to provide compliant meal and/or rest breaks; failure to pay meal and/or rest period compensation; failure to maintain required business records; failure to provide accurate or completed itemized wage statements; failure to compensate for all time worked; failure to properly calculate compensable time worked or the regular rate of pay; failure to pay or reimburse for all business expenses; waiting time penalties; failure to pay all wages due in a timely manner, including upon employment termination; misclassification of employees as exempt employees, independent contractors, or any other form of non-employee workers; and contributions to any 401(k) or other retirement or employee benefit plan based on any payments made by reason of this Agreement (collectively, the "**Released Claims**"). Notwithstanding the foregoing, nothing in this provision releases any claim that cannot be released as a matter of law, but this paragraph will be given the broadest possible interpretation allowable by law.

7.2. The Named Plaintiffs shall execute this Agreement, thereby agreeing to be bound to all of its provisions including the release in Paragraph 7.1 herein. In order to grant a full and complete release of the Released Claims in favor of the Released Parties, each of the remaining Plaintiffs shall execute a standalone version of the Release in the form attached hereto as Exhibit A (together with Paragraph 7.1 herein, the "**Release**"). In executing the Release, the Named Plaintiffs and all remaining Plaintiffs acknowledge that the Release is intended to include all Released Claims regardless of whether he or she knows, is aware of, or suspects the claims or potential claims being released.

7.3 Execution and return of this Agreement by each Named Plaintiff, and of Exhibit A by each of the remaining Plaintiffs, is a condition precedent to his or her receipt of a Settlement Check and/or Service Payment. Execution of this Agreement must be made by each Named Plaintiff by ink signature. Execution of Exhibit A by each of the remaining Plaintiffs may be accomplished through Docusign, another application capable of providing verified electronic signatures, and/or ink signature, whichever method Plaintiffs' Counsel determines to be necessary to obtain an executed Release from each Plaintiff.

7.4 Plaintiffs' Counsel shall provide the originals of all executed Releases, with all associated authentication in the case of electronic signatures, to Cumberland Farms within seven (7) days of receipt thereof.

7.5 This Agreement will be binding on, and have *res judicata* and preclusive effect in, the Lawsuit and any and all other pending and future lawsuits or other proceedings that seek to assert any claims encompassed by the release by or on behalf of any of the Plaintiffs. The Parties agree that this Agreement and the Release may be raised as a complete defense to and will preclude any action or proceeding based on any of the Released Claims.

7.6 Through the Settlement, Plaintiffs acknowledge that they have now compromised all amounts due to them relating to the Released Claims.

7.7 Plaintiffs further acknowledge and agree that the Release is a Material Term (as defined in Paragraph 12 herein) of this Agreement and that no settlement could have been reached

DocuSign Envelope ID: FFB88D39-2047-42B4-8286-16C635AA1ACC
Case 1:15-cv-13935-IT Document 285-1 Filed 04/13/20 Page 9 of 19

DocuSign Envelope ID: C1B240B4-BB43-4F9B-8120-96F1A5ACD25A

by the Parties without it. Plaintiffs affirm that they understand and acknowledge the significance and consequence of this term of this Agreement.

8. **Covenant Not to Sue.**

8.1. Plaintiffs shall not file a lawsuit or initiate any legal proceeding alleging any of the Released Claims in any federal, state, or local court, administrative agency, tribunal, arbitration proceeding, or any other legal forum, against the Released Parties for or relating to any Released Claims.

8.2. Plaintiffs shall not join, participate in, or consent to become a named plaintiff or opt-in plaintiff in any lawsuit or legal proceeding alleging that he or she is similarly situated to any other employee with respect to any Released Claims. Plaintiffs shall opt out of any such lawsuit or legal proceeding with respect to any Released Claims against any Released Parties in the event he or she is involuntarily included as a member or participant of it (except that the term "participant" as used in this sentence does not apply to or include serving as a witness in a lawsuit or legal proceeding if subpoenaed to do so).

8.3. If any Plaintiff is included in any class, collective, or government enforcement action alleging or involving any Released Claims, he or she shall not receive or accept any further compensation or consideration of any kind for such Released Claims.

8.4. If any Plaintiff violates any terms of the Covenant Not To Sue set forth above, he or she agrees that his or her claims will be dismissed with prejudice from the lawsuit or legal proceeding or, at the option of any Released Party, any recovery by such individual in the new lawsuit or legal proceeding will be offset by the Settlement Payment paid to him or her pursuant to this Agreement.

8.5. The Covenant Not to Sue does not apply to any claims which may accrue after January 28, 2020.

## ADDITIONAL DUTIES AND RIGHTS

10. **Duties of the Parties Prior to Court Approval.**

10.1. Plaintiffs' Counsel shall file promptly with the Court this fully executed Agreement (and all exhibits hereto), as an exhibit to Plaintiffs' unopposed motion for approval thereof, along with a Motion for Approval of Attorneys' Fees and Costs, a proposed Approval Order (the "**Approval Order**"), and a proposed Joint Stipulation of Dismissal (collectively, the "**Approval Papers**").

10.2. Plaintiffs' Counsel shall submit the complete Approval Papers to Cumberland Farms's Counsel at least seven (7) business days prior to filing them so that Cumberland Farms has sufficient time to review them, confer with Plaintiffs' Counsel about revisions, and agree to the Approval Papers before they are filed.

DocuSign Envelope ID: C1B240B4-BB43-4F9B-8120-96F1A5ACD25A

11. **Revoking Or Voiding this Agreement.**

11.1. Cumberland Farms may in its sole discretion revoke the Settlement prior to the Court's issuance of the Approval Order if any of the following contingencies do not occur: (i) the Parties agree to this Agreement, and Named Plaintiffs and their counsel each execute this Agreement; (ii) the Court grants approval of the Settlement without changes to any Material Term; (iii) the Court enters the Approval Order, under which the Parties and counsel bears their own costs except as set forth in this Agreement; or (iv) the order entered by the Court does not become final with all rights of appeal and review exhausted or the appellate or review process concludes with a decision other than a complete affirmance of the Court's Approval Order (together, the "**Contingencies**").

11.2. In addition to its right to revoke the Settlement if any of the Contingencies do not occur, Cumberland Farms may in its sole discretion revoke the Settlement prior to issuance of the Approval Order if there is any change to the scope of the Release or Released Claims.

11.3. If any of the Contingencies do not occur or Cumberland Farms exercises its right to revoke this Agreement for any reason provided above or in Paragraph 12 herein (regarding Material Terms), the Parties shall be returned to the positions they held on January 28, 2020.

12. **Material Terms.**

12.1. "**Material Term**" means any term or condition of the Settlement that is so essential to this Agreement that the Parties would not agree to settle in its absence. Material Terms include, but are not limited to, the following: (i) the Parties' agreement that Cumberland Farms shall not be required to pay more than the Maximum Settlement Amount under any circumstances; (ii) the Parties' agreement that Cumberland Farms shall not pay any attorneys' fees and costs of Plaintiffs' Counsel beyond the maximum amounts for which Plaintiffs' Counsel shall petition as specified in Paragraph 2.2(iii), herein; (iii) the Parties' agreement that the funds for any Settlement Checks and/or Service Payments that are not cashed within the Check Cashing Period will remain the property of Cumberland Farms; (iv) the Parties' agreement that any Plaintiffs who fail to provide an executed release will not receive a Settlement Check and/or Service Payment; (v) the list of circumstances in which Cumberland Farms may revoke or void this Agreement as set forth in Paragraph 11 and this paragraph; (vi) the No Admission of Liability and No Concession Regarding the Merits provision in Paragraph 1; (viii) the Release in Paragraph 7; (ix) the Covenant Not To Sue in Paragraph 8; and (x) the prohibitions on Public Comment set forth in Paragraph 13 below. The amount of the Attorneys' Fee Award and/or Expense Reimbursement is not a Material Term of this Agreement, and a decision by the Court to award Plaintiffs' Counsel less in Attorneys' Fee Award and/or Expense Reimbursement than the amount for which Plaintiffs' Counsel petitions will not be grounds to void this Agreement.

12.2. If there is a change to any Material Term, including any Material Term not expressly specified above, or the Court disapproves of or refuses to enforce any Material Term, the Settlement will, at the option of Cumberland Farms, be void, and of no further force or effect and will not be used or admissible in any subsequent proceeding for any purpose. Cumberland Farms may exercise its option to void this Agreement as provided in this paragraph by giving

DocuSign Envelope ID: FFB88D39-2047-42B4-8286-16C635AA1ACC
Case 1:15-cv-13955-IT Document 285-1 Filed 04/13/20 Page 11 of 19

DocuSign Envelope ID: C1B240B4-BB43-4F9B-8120-96F1A5ACD25A

notice, in writing, to Plaintiffs' Counsel and to the Court within two (2) weeks of the change to any Material Term or the Court's disapproval or refusal to enforce any Material Term.

13. **Public Comment.**

Plaintiffs and Plaintiffs' Counsel shall not, directly or indirectly, publicize or otherwise advertise the Settlement, including but not limited to (i) issue any press release or have any communication to or with the press or media (including social media) concerning the Settlement; (ii) initiate, seek, or respond to press or media coverage of, or inquiries regarding, the Settlement; or (iii) make any comment (whether on the record, off the record, or otherwise) on any aspect of the Settlement to any member of the press or media (including social media). Nothing in this provision will affect the ability of Plaintiffs' Counsel to carry out their duties consistent with and as required by any other provision in this Agreement or the Court.

## MISCELLANEOUS TERMS AND CONDITIONS

14. **Advice of Counsel.**

The Parties are represented by competent counsel, and they have had an opportunity to consult and have consulted with counsel prior to executing this Agreement.

15. **Mutual Full Cooperation.**

The Parties and their counsel shall cooperate with each other in good faith to accomplish the terms, Effective Date, and all obligations of this Agreement, including executing and filing documents and taking any other actions as may reasonably be necessary to implement the terms of this Agreement; to obtain the Court's Approval Order; in the event of an appeal, to secure a complete affirmance of the Approval Order with all rights of appeal exhausted; and to fulfill all obligations subsequent to the Effective Date that are required by this Agreement and the Approval Order.

16. **No Prior Assignments.**

Plaintiffs hereby represent, covenant, and warrant that he or she has not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or rights herein released and discharged except as set forth herein and in connection with hiring their attorneys.

17. **No Tax Advice.**

Cumberland Farms, Cumberland Farms's Counsel, Plaintiffs, and Plaintiffs' Counsel do not intend anything contained herein to constitute legal advice regarding the taxability of any amount paid hereunder, and no person shall rely on anything contained in this Agreement or conveyed by Cumberland Farms and/or Cumberland Farms's Counsel as such. The tax issues for each Plaintiff may be unique, and each such individual should obtain his or her own independent tax advice concerning any payments resulting from this Agreement.

DocuSign Envelope ID: FFB88D39-2047-42B4-8286-16C635AA1ACC
Case 1:15-cv-13955-IT   Document 285-1   Filed 04/13/20   Page 12 of 19

DocuSign Envelope ID: C1B240B4-BB43-4F9B-8120-96F1A5ACD25A

18. **Notices.**

Unless otherwise specifically provided herein, all notices, demands, or other communications given hereunder will be in writing and will be deemed to have been duly given as of the third calendar day after mailing by U.S. Postal Service certified mail with return receipt requested or by another trackable delivery method (such as Federal Express or United Parcel Service), addressed as follows:

To Plaintiffs:

Michael Palitz
Shavitz Law Group, P.A.
800 Third Avenue, Suite 2800
New York, NY 10022

To Cumberland Farms:

Robert Fisher
Seyfarth Shaw LLP
World Trade Center East
Two Seaport Lane, Ste. 300
Boston, MA 02210

19. **Construction And Governing Law.**

19.1. This Agreement is the result of lengthy, intensive arms-length negotiations between the Parties and their counsel. This Agreement will not be construed in favor of or against any party by reason of the extent to which any party or his, her, or its counsel participated in its drafting.

19.2. To the extent state law governs interpretation of this Agreement, it will be interpreted and governed under the laws of the Commonwealth of Massachusetts.

19.3. Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and do not define, limit, extend, or describe the scope of this Agreement or any provision hereof. Each term of this Agreement is contractual and not merely a recital.

20. **Modification.**

20.1. This Agreement may not be changed, altered, or modified, except in writing and signed by the Parties hereto.

20.2. This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

21. **Integration.**

21.1. This Agreement and its Exhibits contain the entire agreement among the Parties relating to the Settlement and transactions contemplated hereby, and all prior or contemporaneous

DocuSign Envelope ID: FFB88D39-2047-42B4-8286-16C635AA1ACC
DocuSign Envelope ID: C1B240B4-BB43-4F9B-8120-96F1A5ACD25A

agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are merged herein. No rights hereunder may be waived except in writing.

22. **Signatories.**

22.1. Because the Plaintiffs are so numerous, it is impossible or impractical to have each Plaintiff execute this Agreement. The Notices of Settlement and Release described herein will advise all Plaintiffs of the binding nature of the Release and Covenant Not To Sue, and such will have the same force and effect, to the extent permitted by law, as if this Agreement were executed by each Plaintiff.

22.2. Any person executing this Agreement or any such related document on behalf of a corporate signatory warrants and promises for the benefit of the Parties that he or she has been duly authorized by such corporation to execute this Agreement or any such related document.

22.3. The signatories hereby represent that they are fully authorized to enter into this Agreement and bind the Parties to the terms and conditions hereof.

22.4. This Agreement will be binding upon and inure to the benefit of the Parties hereto and their respective spouses, heirs, trustees, and executors, administrators, successors, and assigns, including the Released Parties.

22.5. This Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart will be deemed an original, and, when taken together with other signed counterparts, will constitute one Agreement, which will be binding upon and effective as to the Parties and their counsel as set forth herein. Copies and facsimile transmissions of signatures will be considered the same as an original signature.

DocuSign Envelope ID: C1B240B4-BB43-4F9B-8120-96F1A5ACD25A

AGREED AND ENTERED INTO BY THE PARTIES AND THEIR RESPECTIVE COUNSEL ON THE DATES SET FORTH BELOW:

Dated: 3/27/2020, 2020   By: *Dianne Bucceri*
                              Dianne Bucceri

Dated: _____, 2020   By: _____
                              Janet Charak

Dated: _____, 2020   By: _____
                              Lisa Sanders

Dated: 3/30, 2020   SHAVITZ LAW GROUP, P.A.
                    By: *[signature]*

Dated: _____, 2020   BURR & SMITH, LLP
                          By: _____

Dated: 3/30, 2020   FAIR WORK, P.C.
                    By: *[signature]*

Dated: _____, 2020   DONELON, P.C.
                          By: _____

Dated: _____, 2020   CUMBERLAND FARMS, INC.
                          By: _____
                          Its: _____

Dated: _____, 2020   SEYFARTH SHAW LLP
                          By: _____
                              Robert A. Fisher

DocuSign Envelope ID: FFB88D39-2047-42B4-8286-16C635AA1ACC
Case 1:15-cv-13955-IT   Document 285-1   Filed 04/13/20   Page 15 of 19

DocuSign Envelope ID: C30A7DBF-1447-43A7-8003-4F65F7A0958F

AGREED AND ENTERED INTO BY THE PARTIES AND THEIR RESPECTIVE COUNSEL ON THE DATES SET FORTH BELOW:

Dated: _____, 2020     By: _____
                                       Dianne Bucceri

Dated: __3/28/2020___, 2020       By: _____
                                       Janet Charak

Dated: _____, 2020     By: _____
                                       Lisa Sanders

Dated: _____, 2020     SHAVITZ LAW GROUP, P.A.

                                  By: _____

Dated: _____, 2020     BURR & SMITH, LLP

                                  By: _____

Dated: _____, 2020     FAIR WORK, P.C.

                                  By: _____

Dated: _____, 2020     DONELON, P.C.

                                  By: _____

Dated: _____, 2020     CUMBERLAND FARMS, INC.

                                  By: _____

                                  Its: _____

Dated: _____, 2020     SEYFARTH SHAW LLP

                                  By: _____
                                       Robert A. Fisher

DocuSign Envelope ID: FFB88D39-2047-42B4-8286-16C635AA1ACC
Case 1:15-cv-13955-IT   Document 285-1   Filed 04/13/20   Page 16 of 19

DocuSign Envelope ID: BB82765E-9426-47A3-B7FC-A8929C7029C4

## AGREED AND ENTERED INTO BY THE PARTIES AND THEIR RESPECTIVE COUNSEL ON THE DATES SET FORTH BELOW:

Dated: _____, 2020        By: _____
                                      Dianne Bucceri

Dated: _____, 2020        By: _____
                                      Janet Charak

Dated: 3/27/2020_____, 2020       By: _Lisa Sanders_____
                                      Lisa Sanders

Dated: _____, 2020        SHAVITZ LAW GROUP, P.A.

                                  By: _____

Dated: _____, 2020        BURR & SMITH, LLP

                                  By: _____

Dated: _____, 2020        FAIR WORK, P.C.

                                  By: _____

Dated: _____, 2020        DONELON, P.C.

                                  By: _____

Dated: _____, 2020        CUMBERLAND FARMS, INC.

                                  By: _____

                                  Its: _____

Dated: _____, 2020        SEYFARTH SHAW LLP

                                  By: _____
                                      Robert A. Fisher

DocuSign Envelope ID: FFB88D39-2047-42B4-8286-16C635AA1ACC
Case 1:15-cv-13955-IT   Document 285-1   Filed 04/13/20   Page 17 of 19

DocuSign Envelope ID: C1B240B4-BB43-4F9B-8120-96F1A5ACD25A

AGREED AND ENTERED INTO BY THE PARTIES AND THEIR RESPECTIVE COUNSEL ON THE DATES SET FORTH BELOW:

Dated: 3/27/2020, 2020        By: _Dianne Bucceri_ (DocuSigned)
                                   Dianne Bucceri

Dated: _____, 2020        By: _____
                                   Janet Charak

Dated: _____, 2020        By: _____
                                   Lisa Sanders

Dated: _____, 2020        SHAVITZ LAW GROUP, P.A.

                              By: _____

Dated: March 30, 2020          BURR & SMITH, LLP

                              By: _[signature]_

Dated: _____, 2020        FAIR WORK, P.C.

                              By: _____

Dated: Mar. 30, 2020           DONELON, P.C.

                              By: _[signature]_

Dated: 4/1/2020, 2020          CUMBERLAND FARMS, INC.

                              By: _[signature]_
                              Its: General counsel

Dated: 4/1/2020, 2020          SEYFARTH SHAW LLP

                              By: _Robert Fisher_
                                   Robert A. Fisher

13

DocuSign Envelope ID: C30A7DBF-1447-43A7-8003-4F65F7A0958F

# EXHIBIT A

## *Bucceri, et al. v. Cumberland Farms, Inc.*

## RELEASE AGREEMENT

In consideration of the Court's approval of the Settlement Agreement, Release and Waiver in *Bucceri, et al. v. Cumberland Farms, Inc.* (D. Mass. 1:15-cv-13955-IT) and in exchange for my receipt of a *pro rata* distribution from the Court-approved Net Settlement Amount, I hereby agree to be bound by the terms of this Release Agreement (the "**Release**"), as follows:

### I.   DEFINITIONS

Unless otherwise specified in this Release, the capitalized terms used herein shall have the same meanings as those set forth in the Settlement Agreement, Release and Waiver in this matter.

### II.   RELEASE OF CLAIMS

I hereby forever discharge, release, and covenant not to sue Cumberland Farms, Inc., including all of its parents, subsidiaries, affiliates, predecessors, successors, owners, directors, officers, members, employees, attorneys, representatives, and agents (together, the "**Released Parties**") from any and all suits, actions, causes of action, claims, or demands for wages, damages, reimbursements, unpaid advances, civil and/or statutory penalties, liquidated damages, punitive damages, multiple damages, interests, attorneys' fees, litigation costs, restitution, and/or equitable relief in any way growing out of any and all claims that were or could have been asserted in the Lawsuit or that are based on or arise out of the facts alleged in any version of the complaints filed in the Lawsuit, from the beginning of my Settlement Period through January 28, 2020, including without limitation any claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (to the fullest extent permitted by law) and any applicable state, county, or local laws, statutes, regulations, ordinances, or wage orders for alleged unpaid overtime, premium, or minimum wages; failure to provide compliant meal and/or rest breaks; failure to pay meal and/or rest period compensation; failure to maintain required business records; failure to provide accurate or completed itemized wage statements; failure to compensate for all time worked; failure to properly calculate compensable time worked or the regular rate of pay; failure to pay or reimburse for all business expenses; waiting time penalties; failure to pay all wages due in a timely manner, including upon employment termination; misclassification of employees as exempt employees, independent contractors, or any other form of non-employee workers; and contributions to any 401(k) or other retirement or employee benefit plan based on any payments made by reason of this Agreement (collectively, the "**Released Claims**"). Notwithstanding the foregoing, nothing in this Release releases any claim that cannot be released as a matter of law, but I understand that this paragraph will be given the broadest possible interpretation allowable by law.

I understand that this Release is intended to encompass all Released Claims regardless of whether I know, am aware of, or suspect the claims or potential claims being released. I further acknowledge that this Release shall be binding upon myself, as well as any assignees, heirs, executors, beneficiaries, and trustees who would assert claims on my behalf.

DocuSign Envelope ID: FFB88D39-2047-42B4-8286-16C635AA1ACC
Case 1:15-cv-13955-IT   Document 285-1   Filed 04/13/20   Page 19 of 19

DocuSign Envelope ID: C30A7DBF-1447-43A7-8003-4F65F7A0958F

### III. ADDITIONAL TERMS

In executing this Release, I acknowledge that I have reviewed and agree to be bound by the remaining terms of the Settlement Agreement, Release and Waiver in this matter, as approved by the Court on [insert date]. I understand that this Release will be binding on, and have *res judicata* and preclusive effect in, the Lawsuit and any and all other pending and future lawsuits or other proceedings brought by me or on my behalf that seek to assert any claims encompassed by this Release.

I acknowledge that I have had ample time to review this Release and the Settlement Agreement, Release and Waiver, have had the opportunity to consult with counsel in advance of signing this Release, and am entering into this Release knowingly and voluntarily.

To the extent state law governs interpretation of this Release, I agree that it will be interpreted and governed under the laws of the Commonwealth of Massachusetts.

AGREED:

_____
[Signature of Plaintiff]

_____
[Print Name of Plaintiff]

_____, 2020
Date