UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIANNE BUCCERI, JANET CHARAK, and LISA SANDERS, on behalf of themselves and all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CUMBERLAND FARMS, INC.<br><br>Defendant. | CIVIL ACTION NO. 1:15-CV-13955 |

## [PROPOSED] ORDER APPROVING FAIR LABOR STANDARDS ACT SETTLEMENT, SERVICE AWARDS, AND ATTORNEYS' FEES AND COSTS

This matter came before the Court on Plaintiffs' Unopposed Motion For Approval Of The the Fair Labor Standards Act Settlement ("Motion"), the Declaration of Michael Palitz In Support of the Motion, the Declaration of Sam J. Smith In Support of the Motion, and supporting exhibits thereto.

Upon review of the Motion and its attendant exhibits, and being fully advised as to the Action, it is hereby ORDERED:

1. The Court hereby grants final approval of the The Settlement Agreement, Release and Waiver, attached to the Declaration of Michael Palitz In Support of the Motion as Exhibit A ("Settlement Agreement"), finding that its terms are fair, reasonable, and adequate, and that it constitutes a fair and reasonable resolution of a *bona fide* dispute under the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. The Court acknowledges that the Settlement Agreement is not an admission by Defendant or by any other Released Party of wrongdoing. Neither this Order, the Settlement Agreement, nor any document referred to herein, nor any action taken to carry out the Settlement,

1

may be construed as, or may be used as, an admission of any fault, wrongdoing, omission, concession, or liability whatsoever by or against Defendant or any of the Released Parties (as defined in Paragraph 1 of the Settlement Agreement).

3. Having reviewed Paragraphs 2, 3 and 6 of the Settlement Agreement, the Court hereby approves the monetary distributions and tax implications thereof as fair and reasonable, including as follows:

a. The Court hereby approves the One Million Three Hundred Thirty Thousand Dollars ($1,330,000.00) settlement. The proportion of the settlement allocated to the Plaintiffs, Four Hundred Twelve Thousand Dollars ($412,000.00) (the "Net Settlement Amount") represents a reasonable percentage of their lost wages as alleged by the Plaintiffs. The proposed allocation of the settlement among Plaintiffs is also reasonable. It reflects a proportion of alleged damages owed to Plaintiffs based on the number of weeks they worked for Defendant as Legacy Store Managers and worked overtime hours, which is a reasonable approximation of each Plaintiffs' alleged damages. Settlement avoids risks as to both liability and damages, and the settlement followed extensive formal discovery and arm's-length negotiations with the assistance of an experienced mediator.

b. Service payments in the amount of $2,000 to each of the Named Plaintiffs (Dianne Bucceri and Lisa Sanders) and Phase I Plaintiffs (Janet Charak,[1] Anthony Marquette, Chad LaCasse, Stephanie Burdick, Michael Jalbert, Robert Herrick, and Gregory Mitchell) for a total of $18,000 for their work on behalf of the other Plaintiffs are approved. Incentive awards serve the important purpose of compensating plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, the

---

[1] Janet Charak is also a Named Plaintiff.

public nature of a collective action filing, and any other burdens they sustain. The Court finds the Named Plaintiffs and Phase I Plaintiffs protected the interests of the other opt-in Plaintiffs by taking actions that resulted in a substantial benefit. The Named Plaintiffs participated in a pre-suit investigation, provided information and documents crucial to establishing Plaintiffs' claims, and the Phase I Plaintiffs participated in formal written discovery, produced documents that aided the litigation, sat for depositions, and prepared for trial. The Named Plaintiffs and Phase I Plaintiffs together played a crucial role in the parties' ability to reach an agreed-upon resolution of this case.Accordingly, the Court approves service payments for Named Plaintiff and Phase I Plaintiffs. The service payments shall be in addition to any other monetary benefits these Plaintiffs are to receive under the Agreement.

        c.        Plaintiffs' Counsel requests $900,000 as an award of fees, costs, and litigation expenses. Plaintiffs' Counsel's requested fee award and reimbursement of costs and litigation expenses is reasonable in light of the substantial benefit their efforts conferred on the Plaintiffs over five years of adversarial litigation. The Court also recognizes the fee requested is significantly less than Plaintiffs' Counsel's lodestar, based on reasonable hours expended and rates, was negotiated separately after the underlying amount was settled for the Plaintiffs, and does not reduce the settlement payments for the Plaintiffs. Accordingly, Plaintiffs' Counsel's request for fees and costs is approved.

    4.    Having reviewed Paragraph 7 of the Settlement Agreement, the Court hereby approves the language and scope of the Release and related procedural provisions therein as fair and reasonable in light of the claims in this litigation and the monetary distributions as discussed and approved in Paragraph 3, *supra*.

5. If no individual or party appeals this Order, the "Effective Date" of the Settlement Agreement will be on the later of (i) thirty (30) calendar days after the Court issues this order approving the settlement and such order is entered on the docket in the Action/Lawsuit if no appeal of that order is filed within that thirty (30) day period, or (ii) if an appeal is filed, ten (10) calendar days after the approval order has been affirmed and approved in its entirety with no further right of appeal or review.Plaintiffs' Counsel will continue in their role to oversee all aspects of the Settlement Agreement, as contemplated therein.

6. The Court hereby enters a judgment of dismissal, pursuant to Fed. R. Civ. P. 41(a), of the claims of each of the Plaintiffs (as defined in page 1 of the Settlement Agreement), all with prejudice and without costs (except as specified in this Order above).

It is so ORDERED this 4th day of May, 2020.

_____
Honorable Indira Talwani
United States District Judge